UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

| | |
|---|---|
| D'ANGELO ROYSTER #244343, | ) |
| Plaintiff, | ) Case No. 2:05-cv-121 |
| v. | ) HON. GORDON J. QUIST |
| BADAWI ABDELLATIF, et al., | ) |
| Defendants. | ) **OPINION** |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I. Factual allegations

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Badawi Abdellatif, M.D., Chief Medical Officer Richard Russell, Prison Affairs Official Jim Armstrong, Regional Medical Director William Borgerding, Ruby Chatham, R.N., and Karen Schaeffer, R.N.

Plaintiff claims that he has been forced to wait for more than one year to see an eye doctor despite the fact that he is suffering from headaches and deterioration of his vision. For relief, Plaintiff requests compensatory and punitive damages, as well as injunctive relief.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff.  *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104.  This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits."  *Knuckles El*, 215 F.3d at 642.  Plaintiff states that he filed grievance numbers LMF 05-02-0409-28A, LMF-04-12-3570-12D3, and LMF-04-10-2993-12D1 on January 31, 2005, December 13, 2004, and October 20, 2004 respectively.  Plaintiff also claims that he appealed the denial of his grievance at levels II and III.  However, Plaintiff fails to attach copies of his grievances or the responses.  Nor does Plaintiff specify which defendants, if any, were named in the grievance.  An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies.  *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999).  The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits."  *See Knuckles El*, 215 F.3d at 642.  Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiff may still grieve his claims.  Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely.  *See* Policy Directive 03.02.130, ¶¶ G-3, T, V.  The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."  *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See*

*Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997).  Accordingly, the Court will dismiss his action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:  July 15, 2005                                                 /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                                         UNITED STATES DISTRICT JUDGE